### W. E. TRYON v. ERNEST DORNFELD.

### BENSON HOSPITAL ASSOCIATION v. ERNEST DORNFELD.[1]

June 25, 1915.

Nos. 19,333, 19,346—(215, 213).

**Liability of relative for medical services rendered dependent.**

In an action for the reasonable value of medical and hospital care, treat-

1 Reported in 153 N. W. 307.

ment and services rendered to a dependent relative in an emergency case, where there is an urgent requirement for both physician's services and hospital care, imperative and admitting of no delay, it is *held* that plaintiffs may recover from a relative, upon whom rests the statutory duty to support such dependent relative, compensation for the reasonable value of such services, even though such services were rendered without the knowledge of the relative sought to be charged.

Two actions in the district court for Swift county, one by W. E. Tryon to recover $230 for services as physician and surgeon rendered a minor child of Martin Dornfeld, and the other by the Benson Hospital Association to recover $98.65 for care and attendance furnished the same child. From orders sustaining the demurrers of defendant Dornfeld to the complaints, Stanton, J., plaintiffs appealed. Reversed.

*C. L. Kane,* for appellants.

*John I. Davis, Tom Davis* and *Ernest A. Michel,* for respondent.

SCHALLER, J.

The above cases arise out of the same transaction. The one is an action for the reasonable value of medical and surgical services rendered to Rosie Dornfeld by the plaintiff, a physician and surgeon; the other an action for the reasonable value of services and care rendered to said Rosie Dornfeld in its hospital by the plaintiff, the Benson Hospital Association.

The defendant Ernest Dornfeld demurred to the complaint in each action. In each case the demurrer was sustained and in each case plaintiff appealed.

We adopt the following statement from the respondent's brief in both cases:

"1st. That the town of Moyer operates under what is known as the town system of providing for the poor.

"2nd. That on the 28th day of December, 1913, Martin Dornfeld and his wife, and daughter, Rosie Dornfeld, being an only child, were legal residents of the town of Moyer, and that the defendant Martin Dornfeld and wife, and daughter, Rosie, had no means of support and were public charges on the town of Moyer.

"3d. That on the 28th day of December, 1913, the said Rosie Dornfeld was seriously injured and as a result thereof was taken by [a physician] to a hospital at Benson, Minnesota, and there received certain hospital aid and care.

"4th. That after the said Rosie Dornfeld was at the hospital at Benson the plaintiff notified the supervisors of the town of Moyer that she was under their care and that the supervisors instructed the hospital to give her care and attention.

"5th. That Ernest Dornfeld, the defendant, is the grandfather of Rosie Dornfeld and is able, financially, to respond for the expenses of her care and attendance, but that he has refused to pay therefor."

The appellant contends that the only question here is: "Can a stranger who has furnished support or medical care and treatment to an indigent child recover from a relative upon whom a statutory duty rests to furnish such support and care in an action directly against such relative?"

Respondent contends that the question is: "Can such stranger recover against such relative without giving notice to such relative of such support, without the relative having notice that such support is being given, and without any fact from which it can be inferred that such relative has either directly or impliedly agreed to pay for such support or service?"

The question presented by this record, however, is whether one, who has furnished to a dependent relative medical care and treatment or hospital care and services in an emergency case, where there is an urgent requirement for both physician's services and hospital care, imperative and admitting of no delay, can recover from a relative upon whom rests the statutory duty to support such dependent relative, compensation for the reasonable value of such services, even though such services were rendered without the knowledge of the relative sought to be charged.

The statute (section 3067, G. S. 1913) provides:

"Every poor person who for any reason is unable to earn a livelihood shall be supported by his children, parents, brothers and sisters, grandchildren, or grandparents; and relatives having sufficient ability shall be called on for such support in the order above named:

Provided, that a person who becomes a pauper from intemperance or other bad conduct shall not be entitled to support from any relative except parent or child. Every such relative who refuses or fails to support any poor person whom he is bound by law to support, when directed by the board or council of the county, town, city, or village in which such person has a settlement, shall forfeit and pay to such county, town, city, or village, for the use of the poor thereof, fifteen dollars per month, to be recovered in any court having jurisdiction."

This statute imposes upon the relatives named and in the order named a duty to support their indigent relatives. The duty is created by the statute and does not depend upon contract. It is a duty which devolves primarily upon the relatives; it cannot be evaded or shifted upon others. Manthey v. Schueler, 126 Minn. 87, 147 N. W. 824.

Cases may arise in which notice to the relative may be required, but we are not dealing with such a case.

It sufficiently appears from the complaint that Rosie Dornfeld was very seriously injured; that she required the promptest attention; that it was imperatively necessary to operate immediately in order to save the child's life. It appears that everything was done for the child that could have been done by defendant Dornfeld himself, and that the services rendered were reasonably proper and necessary. Under these circumstances, it cannot be successfully contended that the duty rested upon either plaintiff to give notice to the defendant Dornfeld before doing that which it was imperatively necessary should be done in order to save the child's life.

In the case of Robbins v. Town of Homer, 95 Minn. 201, 103 N. W. 1023, it was held that where a poor person suffers from an accident which requires the immediate attention of a surgeon who renders the services, the surgeon may recover reasonable compensation from the town which has the care and support of the poor therein, although the surgeon had not been requested by the authorities to attend the patient. "It does not seem just or consistent with sound public policy that the duty should not be performed at all, nor can it be said that the unfortunate pauper who has met with an accident requiring instant succor is to be remediless. The county or town must

provide for him as soon as may be.    To decline this mandate of humanity and duty wilfully by those upon whom it is imposed would subject such officials to prosecution for misconduct in office."

It was there held that where the necessity for the surgeon's services 'was urgent, imperative and admitting of no delay, the town was liable for services rendered by the physician even though no previous request was alleged or shown.

This doctrine was adhered to in the same case of Robbins v. Town of Homer, 100 Minn. 547, 110 N. W. 1134.

We do not think that the question as to whether or not a legal duty is cast on the relatives who are able to do so, to support their indigent relatives is open to question in this state.    Manthey v. Schueler, supra.

There was a legal duty on the part of defendant Dornfeld to support and care for his granddaughter.    An emergency arose.    The necessity for medical, surgical and hospital services was immediate, urgent and imperative.    Plaintiffs, having performed the services, it follows that the defendant Dornfeld is primarily liable to pay for the reasonable value of such services, at least until such time as he himself could act in the premises.    The complaint in both cases states a cause of action against the defendant Dornfeld.

The orders sustaining the demurrer in both cases must be reversed.