## F. J. BRABEC v. W. A. BOEDIGHEIMER.[1]

### April 20, 1916.

### Nos. 19,726—(136).

**Pauper — evidence insufficient.**

> Evidence considered and *held* to sustain a finding that defendant's son, to whom plaintiff rendered medical and surgical services, was not a pauper or a poor person unable to earn a livelihood.

Action in the district court for Otter Tail county to recover $99 for medical and surgical services rendered a pauper, the son of defendant. The case was tried before Parsons, J., who made findings and ordered judgment dismissing the action and reversing a judgment rendered by a justice of the peace. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*M. J. Daly,* for appellant.

*C. M. Johnston,* for respondent.

BUNN, J.

Plaintiff, a physician and surgeon residing in the village of Perham, Otter Tail county, rendered medical and surgical care and assistance to defendant's son, whose right hand had been crushed in a corn shredder at which he was working as an employee of a farmer. The son was over 21 years of age at the time of the accident, and plaintiff's services were rendered at his request. On allegations charging that the son was a pauper, without means to employ a physician, or to support or care for himself, plaintiff sought to hold defendant liable. The trial resulted

[1]Reported in 157 N. W. 508.

Note.—On the liability of relative for medical services to pauper, see note in L.R.A. 1915 F. 844.

On paupers and the right to use public funds to relieve persons not entirely without means of their own, see note in 27 L.R.A. (N.S.) 1079.

in a finding that the son was not a pauper at the time of the accident or operation, and a decision against plaintiff's right to recover of the father. Plaintiff appeals from an order denying a new trial.

The only question is whether the evidence sustains the finding that the son was not a pauper. Plaintiff bases his right to recover from the father for services rendered the son upon G. S. 1913, § 3067, recently construed by this court in Manthey v. Schueler, 126 Minn. 87, 147 N. W. 824, Ann. Cas. 1915 D, 241, and in Tryon v. Dornfeld, 130 Minn. 198, 153 N. W. 307, L.R.A. 1915 E, 844. Under these decisions defendant is liable if his son was "a poor person who for any reason is unable to earn a livelihood," but otherwise not. The case therefore turns on the correctness of the finding above mentioned. The evidence showed that the son had passed his majority some four months prior to his injury. For some time he had been employed by the farmer at the machine upon which he was injured, and had received wages. At the time of the accident he had a small sum of money at home, and $15 was due from his employer. He had an unliquidated claim against the latter for damages for the injury, and long before the present suit was commenced, recovered a judgment of $500, which was paid. A charge for plaintiff's services was included in the damages in the personal injury action. The young man paid his hospital bill, and was able to resume work soon after he recovered from the operation. He employed plaintiff himself, and a year or more elapsed before any claim was made on defendant.

There is sufficient evidence, in our opinion, to support the finding that the son was not a pauper, or poor person unable to earn a livelihood.

Order affirmed.