### Harry Hill, Administrator, Appellant, v. Kerens-Donnewald Coal Company, Appellee.

1.  WORKMEN'S COMPENSATION ACT, § 1*—*what is purpose and effect of statute.* The Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*) was intended to provide compensation for accidental injuries received by an employee arising out of and in the course of his employment, and the right to compensation for accidental injuries obtains only by virtue of the statute.

2.  WORKMEN'S COMPENSATION ACT—*when no right of recovery for death due to failure to provide physician.* No right of recovery exists in favor of the administrator of the estate of a deceased employee for death due to the alleged failure to furnish a physician for the entire period of disability of an employee, regardless of the length of time the employee was disabled before his death.

3.  WORKMEN'S COMPENSATION ACT—*when employer must furnish services of physician or surgeon.* Section 5 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5453), requiring the employer accepting the act to furnish to an injured employee necessary "first aid, medical, surgical and hospital services, also medicine and hospital services for a period not longer than eight weeks, not to exceed however, the amount of $200, also the necessary services of a physician or surgeon during such period of disability," refers to the specified period of disability of eight weeks within which the services of a physician are to be furnished.

4.  WORKMEN'S COMPENSATION ACT, § 12*—*when claim for compensation must be made.* Under the Workmen's Compensation Act of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1911, sec. 14 (J. & A. ¶ 5463), providing that "no proceedings for compensation under the Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable after the happening thereof, and during such disability, and unless claim for compensation has been made within six months after the injury, except that in case of an accident resulting in temporary disability, notice of such accident must be given to the employer within thirty days after said accident; or in case of the death of the employee or in the event of his incapacity, within six months after such death or incapacity," etc., a claim for compensation must be made within the time limited.

5. Workmen's Compensation Act—*when question must be submitted to arbitration.* Whenever a question arises in regard to the application of the Workmen's Compensation Act and the compensation payable thereunder, the controversy must be submitted to arbitration.

Appeal from the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

R. F. Tunnell, Jr., for appellant.

Keefe, Hadley & Baxter, for appellee.

Mr. Presiding Justice Boggs delivered the opinion of the court.

An action on the case was instituted at the March term, 1917, of the Circuit Court of Madison county by appellant, as administrator of the estate of James H. Fry, deceased, against appellee·to recover for the death of said deceased. A demurrer having been sustained to the original declaration, which consisted of one count, the same was by leave of court amended and an additional count was filed. A demurrer, filed by appellee to said declaration as amended and said additional count, was sustained by the court and the appellant electing to abide by his declaration, judgment was rendered in bar of action and for costs. To reverse said judgment this appeal is prosecuted.

The amended declaration sets forth, in substance, that appellant's intestate and appellee were operating

under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*) at the time of the injury in question; that the deceased on November 22, 1912, while in the employ of appellee, received an injury arising out of and in the course of his employment and was permanently disabled on account thereof, and thereafter on August 19, 1916, died; that it became and was the duty of the appellee, "the Kerens-Donnewald Coal Company to furnish to the said James H. Fry, necessary first aid, medical, surgical and hospital services, also medicine and hospital services for a period not longer than eight weeks, not to exceed, however, the amount of $200.00, also the necessary services of a physician or surgeon during such period of disability, unless such employee elects to secure his own physician or surgeon; that the said James H. Fry did not elect to furnish his own physician or surgeon"; that appellee disregarded its duty and failed to furnish to the said James H. Fry first aid, medical, surgical and hospital services from the 27th day of November 1912, to the 7th day of December, 1912, and also failed to furnish any services of a physician or surgeon from and after July 1, 1913; that said James H. Fry was hit on the head by a falling prop, which paralyzed his right side; that said James H. Fry was permanently disabled and required the care, services and attention of a physician; that by means thereof the same James H. Fry was for the space of several years compelled to endure great pain and suffering, became sick, sore and disordered and, at length, on the 7th day of August, 1916, died as a proximate result of such failure and neglect to so furnish him with the necessary medical and physician's services, to the damage of the plaintiff in the sum of $10,000, etc.

The additional count is in substance the same as said amended count, except that it does not charge failure to furnish first aid and medical services but charges the failure to furnish a physician to be a wilful failure.

It is contended by appellant in his argument for a reversal of said judgment that paragraph (a) of section 5 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5453), makes it the duty of the employer to furnish the services of a physician or surgeon during the entire disability of the employee resulting from the injury without reference to the length of time said disability may last, and that a failure to so furnish said physician in accordance therewith renders the employer liable in an action of trespass on the case for all damages that may result therefrom.

Said section 5 and paragraph (a) thereof provides as follows (J. & A. ¶ 5453): "The amount of compensation which the employer who accepts the provisions of this Act shall provide and pay for injury to the employee resulting in disability shall be: (a) Necessary first aid, medical, surgical and hospital services, also medical and hospital services for a period not longer than eight weeks, not to exceed, however, the amount of $200.00, also necessary services of a physician or surgeon during such period of disability, unless such employee elects to secure his own physician or surgeon."

It will be observed by the reading of the Workmen's Compensation Act of 1911, that it is intended by that act to provide compensation thereunder for accidental injuries received by an employee arising out of and in the course of his employment. The right to compensation under said act must be found in the act itself and the right to recover therefor must be found in said act. In other words, the right to any compensation whatever for accidental injuries obtains only by virtue of the statute and the amount, how the same shall be computed, how and when the same shall be paid are all covered by the act. The liability of the employer does not extend beyond the provisions of the act where an action is based on the duties of the employer under the act.

We therefore hold that no right of recovery exists in favor of appellant as such administrator by reason of the alleged failure to furnish a physician as charged in the declaration, as such right of recovery is not given by the provisions of said statute. We are also of the opinion that the services of a physician or surgeon referred to in paragraph (a) of said section 5 refers to the period of disability mentioned in said paragraph and which is limited to eight weeks. Another reason why this action cannot be maintained by appellant, so far as the averments of the declaration are concerned, is that no claim for compensation is alleged to have been made as provided in section 14 of said Act (J. & A. ¶ 5463). The provision thereof being as follows: "No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable after the happening thereof, and during such disability, and unless claim for compensation has been made within six months after the injury, except that in case of an accident resulting in temporary disability, notice of such accident must be given to the employer within thirty days after said accident; or in case of the death of the employee or in the event of his incapacity, * * * or in the event that payments have been made under the provisions of this Act, within six months after such payments have ceased."

A further answer to appellant's contention of a right of recovery in this case is that under the proviso of the Workmen's Compensation Act of 1911, wherever a question arises in regard to the application of the law and the compensation payable thereunder, said controversy shall be submitted to arbitration. Under the provisions of said act, said board of arbitration has full jurisdiction to hear and determine said matters in controversy. In the event that either the employer or employee is not satisfied with the award of the arbitration board, they may appeal therefrom to

the Circuit Court or the court that appointed the third arbitrator.   See proviso to section 10, Workmen's Compensation Act 1911 (J. & A. ¶ 5459).

The allegations of appellant's declaration do not bring him within the provision of said act.  So far as the allegations of the declaration are concerned, there is no reason shown why claim for compensation was not made within the time specified by said act, nor why the matters in controversy with reference to first aid, medical services, physician's services, etc., were not submitted to arbitration.

There was no error in the ruling of the court in sustaining the demurrer to appellant's declaration as amended and the judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*