## WILLIAM A. BEACH v. ALBERT GENDLER, SOLE TRADER DOING BUSINESS UNDER THE TRADE NAME OF MINNESOTA IRON & METAL COMPANY.[1]

### April 15, 1921.

### No. 22,147.

**Workmen's Compensation Act — action against employer by physician.**

1. The Workmen's Compensation Act, in force in 1917, did not give to a physician or surgeon who furnished medical treatment to an injured employee a right of action for the value thereof against an employer who had not requested or consented to the furnishing of the treatment by such physician or surgeon.

**Same — liability dependent on finding of court.**

2. Nor in any event can an employer be held liable for such treatment in the absence of a finding that he either consented thereto or that he refused or was unable to furnish needed treatment.

**Same — limitation of action.**

3. Even were liability to suit conceded, it could not be maintained if brought after the time specified in the act. That this action was brought too late appeared from the face of the complaint, and the plea of the bar of the limitation provision was well taken.

Upon the relation of Albert Gendler the supreme court granted its writ of certiorari directed to the district court for Blue Earth county and the Honorable W. L. Comstock, judge thereof, to review proceedings brought in that court under the compensation act by William A. Beach as employee, against relator as employer. Reversed.

[1] Reported in 182 N. W. 607.

*Ware & Melrin,* for relator.
*C. E. Gilmore,* for respondent.

HOLT, J.

Certiorari to review a judgment entered under the Workmen's Compensation law in force in 1917.

On December 13, 1917, William Finch, while in the employ of defendant, had a toe accidentally injured necessitating surgical treatment. Finch and defendant were under the compensation act. A settlement between them was effected and approved by the court. Defendant, or his insurer, also voluntarily paid $200 to those who had given medical treatment and hospital services to Finch on account of the injury. This did not pay them in full, and what was paid was not paid pursuant to any direction of the court. Plaintiff was a physician and surgeon and treated Finch up to December 27, 1917. The hospital services and medical attention after said date were furnished by others. The value of plaintiff's services was $15. He received $5 from the $200 paid, as stated, and gave a receipt or release in full. In August, 1919, he brought this action to recover the balance of $10. Liability was denied, and the release and the statute of limitations were pleaded as additional defenses.

The complaint is framed under the Workmen's Compensation Act. And plaintiff claims that this law gives to any one who treats an employee for an injury accidentally received in the course of the employment a common law action against the employer for the value of the services, even though the services were neither expressly nor impliedly requested by the employer. Unless this contention can be sustained, the judgment must be reversed, for there is no allegation nor finding that plaintiff treated Finch at defendant's instance or request, nor is there even a finding that defendant refused or neglected to furnish treatment. The here material part of the law specifying the employer's obligations reads: "Such medical and surgical treatment  *  *  *  as may be reasonably required at the time of the injury and thereafter during the disability, but not exceeding ninety (90) days, to cure and relieve from the effects of the injury, the same to be provided by the employer and in case of his inability or refusal seasonably to do so, the employer to be liable for the reasonable expense incurred by or on behalf of the employee in pro-

viding the same." (Section 18, c. 467, p. 683, Laws 1913, as amended by section 7, c. 209, p. 293, Laws 1915). The section also contains a proviso limiting the liability to $100, which may be increased to $200 upon an application to the court, if made within 100 days from the accident and a necessity shown. There is also a provision that, in all cases of dispute as to the value of the medical services rendered an injured employee, "either party may require that the same, before payment, shall be approved by the court" after notice to interested parties.

The main purpose of our Workmen's Compensation Act is that the employee, accidentally injured in the course of his work, shall be paid or reimbursed for the loss sustained by him through the injury. The loss is not alone the wages he is deprived of earning because of the injury and disability, but also the expense of medical and hospital treatment to recover from the result of the accident. The law makes it the duty of the employer to furnish the latter within certain limits as to time and amount, and, if he is unable or refuses to do this, he renders himself liable therefor.

But the remedy against the employer for failure to perform his duty in this respect is apparently given only to the employee, or, in case of death, to his dependents by the act, for, in the compensation settlement thereunder or in the judgment to be entered in his or their favor, this medical attention paid or incurred by him is to be included. Nowhere in the act is there any procedure designated, under which those who may have furnished medical attention to the employee can become parties to the compensation proceeding or the judgment therein, and no method is pointed out to apportion as between different claimants the amount for which the employer is to be liable. It surely was not contemplated that after a judgment for compensation, including medical expenses, has been entered and paid, the employer is still to be held liable at the suit of the different parties who may have furnished the employee medical treatment upon his request and not at the instance of the employer. The law was intended to be fair and reasonable to the employer as well as to the employee. To subject the employer to a multitude of suits or proceedings predicated upon one accidental injury to an employee, none of which would be a bar to any other, would be extremely vexatious and burdensome. We think the law, as it stood when this injury occurred, afforded a

remedy only in one proceeding and that to be instituted by the injured employee alone, if living, or by his dependents if death resulted.

Some compensation statutes, like those of California and New York, make provisions for liens to physicians upon the compensation adjudged, and specify how to secure them. Pacific Coast Casualty Co. v. Pillsbury, 171 Cal. 319, 153 Pac. 24; Louis Bossert & Sons v. Peil Bros. 112 Misc. 117, 182 N. Y. Supp. 620. In other states the law prescribes different ways in which the one furnishing the injured employee with medical necessities may assert his claim against the employer. Under the Pennsylvania law, which imposes the duty upon the employer to furnish medical treatment at whatever cost for the first 14 days after the accident, the court held that, where the employee had been taken to the plaintiff for treatment with the defendant's consent, the plaintiff had a cause of action against the latter upon an implied contract. Trustees v. Lehigh Valley Coal Co. 267 Pa. 474, 110 Atl. 255.

Here there is no finding that Finch went to plaintiff for treatment with defendant's knowledge or consent, and hence there is no cause of action upon implied contract.

Plaintiff cites Manthey v. Schueler, 126 Minn. 87, 147 N. W. 824, Ann. Cas. 1915D, 241 (to which may be added Tryon v. Dornfeld, 130 Minn. 198, 153 N. W. 307, L.R.A. 1915E, 844, and Brabec v. Boedigheimer, 132 Minn. 370, 157 N. W. 508), which in effect holds that under section 3067, G. S. 1913, a cause of action is given to one who furnishes necessaries to a pauper to recover of that relative upon whom the statute places the duty to support the pauper. But even under that interpretation of the statute referred to we find that there must be proven a conformity to the conditions named therein, or some emergency excusing therefrom, before the action will lie. So in the instant case there must be a finding that there was inability or refusal on the part of defendant to furnish the needed medical attention. There is no finding to that effect. An instructive case in point is Miller v. City of Milwaukee, 154 Wis. 652, 144 N. W. 188, L.R.A. 1916A, 1, Ann. Cas. 1915B, 847. Moreover, the section cited is from the chapter relating to the relief of the poor, and deals not only with the responsibility of the relatives of the poor, but also with that of the public, whereas the Workmen's Compensation Act deals with rights and responsibilities only as between the employee and employer in the case of employment accidents to the employee.

But even were it granted that plaintiff could maintain suit against defendant under the compensation act, he must fail, for he did not bring it within the time therein specified. It is unthinkable that this legislation contemplated that the party injured must seek reimbursement for medical attention within a year, but one who furnishes such attention at his request, without the knowledge or assent of the employer, may let the year pass by and still assert his claim against the latter. As said in Hill v. Kerens-Donnewald Coal Co. 210 Ill. App. 560: "The liability of the employer does not extend beyond the provisions of the act where an action is based on the duties of the employer under the act." There is a contention that the limitation provision is not well pleaded. The plea is not in the approved form. But it appears from the face of the complaint that the time designated by the compensation statute for the instituting of any proceeding thereunder had expired when this suit was brought. A demurrer on the ground that it appears from the face of the complaint that no cause of action is stated would have been well taken and raised the bar of the statute. Henkel v. Pioneer S. & L. Assn. 61 Minn. 35, 63 N. W. 243. We think the plea in the form made should be held as effective as a general demurrer of the sort mentioned. No objection to the form of plea was made at the trial.

The other errors raised need not be considered, for the conclusions above expressed lead to a reversal of the judgment.

Judgment reversed, but without statutory costs.