John Beverly Moore, Appellee, v. Black Star Coal Company, Appellant.

Opinion filed June 1, 1928.

Moses Pulverman, for appellant.

T. G. LEWIS, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

Appellee brought suit in an action of assumpsit against appellant to recover for medical services furnished certain employees of appellant. Appellee pleaded nonassumpsit, and the case was heard before the court under a stipulation of agreed facts. Propositions of law were submitted by appellant and all marked "refused" by the court. Judgment was rendered for $999.40 by the court in favor of appellee.

The stipulation of agreed facts is, substantially, as follows: Between January 1, 1923, and July 1, 1925, the coal company (appellant) owned and operated a mine at Logan, Illinois, and carried employer's liability insurance under the Workmen's Compensation Law of Illinois, the insurance carrier being a duly authorized and licensed organization; that proof of the carrying of such insurance as required by the act had been filed with and approved by the Industrial Commission; that under the contract between the insurance carrier and the coal company, the coal company paid certain premiums for such insurance and the insurance carrier agreed to pay all compensation due employees of the said coal company for accidental injuries under the Compensation Act, and to do all other things with reference to the payment of such compensation which it would have been incumbent upon the coal company to do as such employer in the absence of such insurance contract; that all compensation matters and all claims for compensation were in the charge of and handled exclusively by the insurance carrier, without any direction or control of same by the coal company; that during such period Dr. Moore (appellee) at the request of the insurance carrier, through its officers and agents, rendered medical, hospital and professional services to a large number of

employees of the said coal company, who were injured while in its employ; and as to each of said cases made his reports and rendered his bills covering same direct to the insurance carrier; that the insurance carrier during such period had paid compensation to a large number of the mine employees, including medical bills; that the bills rendered by Dr. Moore to the insurance carrier were paid in due course, except the bills shown by Exhibit A attached to the stipulation and aggregating $999.40; that all of such services were rendered in connection with the necessary treatment of injuries sustained by such parties while in the employ of the coal company; that on or about July 1, 1925, the insurance carrier became insolvent and failed to pay the bills listed on said exhibit; that such sum of $999.40 is still due and owing; that no proceeding has been filed before the Industrial Commission by Dr. Moore to recover payment of the said bills, or any part thereof; that in each of the said cases claim for compensation was filed by the injured employee before the Industrial Commission against the coal company, and that an award of compensation was rendered therein in accordance with the Compensation Law and was fully disposed of at the time of the filing of this suit, such award, however, not including the medical bills of appellee; that at the time these medical services were rendered appellee knew that the injured employees had been so injured while in the employ of the coal company, and that the coal company was carrying insurance with said Associated Employers Reciprocal.

The stipulation recited that the agreed facts should be taken as being all the evidence in the case, and that the ultimate point to be determined was the legal liability of the coal company to appellee for the medical services rendered, either under the terms of the Workmen's Compensation Act or under the laws of Illinois.

Appellant contends that under these agreed facts the employment of appellee was simply a contract between appellee and the insurance company, and that there is no provision in the Workmen's Compensation Act which could be construed to hold the coal company liable for medical services furnished its employees by appellee.

On the other hand, appellee contends that section 8, paragraph "A" of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 208(a), which provides that an employer shall provide the necessary first aid and medical and surgical services for an injured employee, enjoins a statutory duty upon the employer; and that the liability, thus imposed, can only be discharged by providing such services or by paying for such services to the physician, who may have furnished the same.

It is further contended by appellee that the insurance carrier, who undertook for a stipulated premium to pay all compensation accruing to the coal company's employee, acted as the agent of the coal company in the discharge of the employer's obligations to its employees under the Compensation Act.

The stipulation of agreed facts recites that all claims for compensation for injuries incurred or sustained during the insurance period were in charge of and handled exclusively by the insurance carrier, without any direction or control of same by the coal company; that appellee, by and at the request of the insurance carrier, furnished the services in question, made his reports, and rendered his bills for such services direct to such insurance carrier; that, in accordance with said insurance contract, the insurance carrier paid compensation to a large number of employees of the coal company, including the payment of medical services in connection therewith, and that the bills rendered by appellee to the insurance company for such medical services were paid in due course by the insurance carrier, except the bills in question.

These facts, considered in connection with the entire stipulation, clearly show that the insurance carrier was acting as an independent contractor, as between the coal company and appellee, and that there was no such relation of principal and agent, which would legally obligate appellant to pay or carry out the insurance carrier's contract with appellee.

The employment of appellee was by the insurance carrier, without direction from and not subject to the control of the coal company. The coal company was not a contracting party as to such employment, and appellee must look to the insurance company for such damages as he might sustain for or on account of the insurance carrier's breach of contract.

Counsel claims that a fair construction of the Compensation Act will enable appellee to recover from the coal company the unpaid bills for medical services which he rendered to the employees of the coal company at the request of the insurance carrier.

Section 8, Paragraph "A," of the Compensation Act, provides that an employer shall provide the necessary first aid and medical and surgical services, which are reasonably required to cure or relieve the employee from the effects of the injury which he has sustained in the course of his employment.

It is clear that an injured employee is entitled, under the law, to medical services, and, if the employer fails to furnish the same, then the injured employee may procure such services himself, and may recover the reasonable value of the same in his compensation proceedings, in addition to the amount the statute provides for the injuries suffered. The Compensation Act provides for compensation and payment to the employee injured and to no one else. (*Edwards v. Centralia Coal Co.*, 227 Ill. App. 453.)

The liability of the employer does not extend beyond the provisions of the Compensation Act, where an

action is based on the duties of the employer under the act. (*Hill v. Kerens-Donnewald Coal Co.*, 210 Ill. App. 560.)

The provisions of the Compensation Act are binding upon the employees electing to be bound by them, and upon none others. All, except employers and employees, are strangers to the act, and their usual lawful rights and remedies are unaffected by it. (*Augustus v. Lewin*, 224 Ill. App. 376.)

The Compensation Act of Minnesota contains similar provisions relating to medical services as is contained in the Illinois Act, and, in the case of *Beach v. Gendler*, 148 Minn. 421, 182 N. W. 607, a like construction of the Minnesota Act was given, which follows the reasoning of the foregoing Illinois cases.

In *Goodman Mfg. Co. v. Industrial Commission*, 316 Ill. 394 (396), it was said by the court: "It has been repeatedly held by this court that the furnishing of medical, surgical and hospital services must be regarded as the payment of compensation under the Workmen's Compensation Act."

In the instant case, the insurance carrier furnished medical services to the coal company's employees by its own independent contract with appellee. So far as the employees were concerned, their right to compensation by way of medical services was furnished and their claim in that respect has been fulfilled and satisfied.

The only implied obligation arising out of the terms of the statute is for the sole benefit of the employee, who alone is entitled to complain if his employer does not furnish medical services when requested by such injured employee.

We are of the opinion that the trial court erred in refusing appellant's propositions of law numbered two, three and four.

Accordingly, the judgment of the circuit court is reversed with finding of facts.

*Judgment reversed with finding of facts.*

The clerk will insert the following finding of facts in the judgment, viz: The court finds that appellee had no valid contract with appellant, and that appellee failed to prove the material allegations of his declaration.