RAYMOND TATRO v. HARTMANN'S STORE
AND ANOTHER.
MINNESOTA HOSPITAL SERVICE ASSOCIATION
AND ANOTHER, INTERVENORS.

204 N. W. 2d 125.

February 2, 1973—No. 43382.

*Thompson, Hessian, Fletcher, McKasy & Soderberg, John F. Stone,* and *David B. Morse,* for relators.

*Hansen, Hazen, Dordell, Bradt & Koll* and *Laurence F. Koll,* for respondent employer and insurer.

*George S. Vasil,* for respondent employee.

Heard before Knutson, C. J., and Rogosheske, MacLaughlin, and Schultz, JJ.

MacLaughlin, Justice.

On the petition of relators, Minnesota Hospital Service Association (Blue Cross) and Minnesota Indemnity, Inc. (MII), we issued a writ of certiorari to the Workmen's Compensation Commission. The issues are the propriety of the commission's (1) denial of relators' applications to intervene in this workmen's compensation proceeding, and (2) dismissal of relators' joint claim petition for reimbursement for medical benefits paid to the employee. We affirm the commission.

The facts are not in dispute. Employee, Raymond Tatro, sustained an injury on March 28, 1958, alleged to have arisen out of and in the course of his employment with employer, Hartmann's Store. A stipulation for settlement between employee and employer and its compensation insurer was approved by the commission, and an award was entered on June 1, 1960. On November 12, 1970, employee filed another claim petition alleging additional temporary total disability resulting from the 1958 injury. On March 22, 1971, a stipulation for settlement was approved by the commission, and an award was entered on March 24, 1971. In the second stipulation, the employer and its insurer,

while agreeing to make certain payments to employee, denied that employee had suffered additional temporary disability and denied that the alleged additional disability was the result of the injury in 1958.

On March 29, 1971, relators, who had just learned of the proceeding and the stipulated settlement and award, filed applications to intervene with the commission. In their applications they alleged that employee was covered for hospital care by Blue Cross and for medical care by MII; that Blue Cross had paid a total of $2,799.50 on behalf of employee between April 1969 and January 1970; and that MII had paid a total of $876 on behalf of employee between February 1969 and January 1970. The payments were allegedly made as a result of the temporary total disability claimed in employee's 1970 petition. Both the Blue Cross and the MII contracts contained an exclusionary clause for any injury or sickness for which "any benefits, settlement, award or damages are received or payable * * * by reason of * * * any claim under, any Workmen's Compensation * * * act." The applications requested that relators be allowed to intervene in the workmen's compensation proceeding between employee and employer pursuant to Minn. St. 176.361 in order to establish their right to be reimbursed by the employer and its insurer for the medical payments made to employee. The applications to intervene were denied by the calendar judge. Relators appealed the denial to the commission and, at the same time, filed a separate joint claim petition in which they directly requested reimbursement from the employer and its insurer. The commission entered orders denying the applications to intervene and dismissing the joint claim petition.

Under the stipulated settlement of March 22, 1971, the employer and its insurer paid employee only that part of his medical expenses which had not been paid by relators. No contention that employee received double recovery for any hospital or medical expense is made.

1. Relators sought to intervene after a final award based on

a stipulated settlement had been entered by the commission. Intervention in workmen's compensation proceedings is provided for in Minn. St. 176.361, which provides:

"Where a person has an interest in any matter before the commission, or commissioner, or compensation judge of such a character that he may either gain or lose by an order or decision, he may intervene in the proceeding by filing an application in writing stating the facts which show such interest.

"The commission shall adopt rules to govern the procedure for intervention."

Since relators have demonstrated an interest in the matter and were in a position to "either gain or lose by an order or decision" of the commission, they undoubtedly could have properly intervened in this proceeding prior to the filing of the award. Relators, however, claim the right to intervene after the filing of the award, citing as support for that contention our decision in Lemmer v. Batzli Electric Co. 267 Minn. 8, 125 N. W. 2d 434 (1963). In that case, the employee had sustained an injury and received medical and disability benefits under his private insurance policy which contained an exclusion for injury or sickness covered by the Workmen's Compensation Act. Subsequent to the receipt of the private insurance company benefits, the employee filed a claim petition to recover workmen's compensation benefits. After a hearing on the merits, a decision by a referee awarding compensation was entered and affirmed on appeal to the commission. After the entry of the decision of the commission, the employee's private insurer filed an application to intervene, seeking recovery of the medical and disability benefits it had mistakenly paid to the employee. We held that the private insurer was entitled to intervene.

The Lemmer case may effectively be distinguished from this case. In Lemmer, there was a determination that the disability for which the insurance benefits were paid arose out of and in the course of the claimant's employment. Thus, the intervention

would not prejudice any rights of the employee. The nonprejudicial effect of the intervention was explicitly made the basis of the Lemmer decision. We said (267 Minn. 17, 125 N. W. 2d 440) :

"We can see no prejudice resulting to the employee in the instant case by holding that relator is not estopped from intervening under § 176.361 or by holding that the commission has the power to equitably adjust matters between the employee and the insurers involved, including relator."

In the instant case no such determination of compensability was made. The award was based on a stipulation in which the employer and its compensation insurer specifically denied that the additional disability was the result of the 1958 employment accident. The granting of the applications to intervene would in all likelihood lead to a hearing on the basic question of whether employee is entitled to workmen's compensation benefits for this disability. In turn, the result of that hearing, if adverse to employee, might prejudice the stipulated settlement and award and might be binding on employee in future claims he may file as a result of the 1958 accident. Therefore, unlike the Lemmer case, there is a substantial likelihood that prejudice could result to employee by allowing the applications for intervention. Workmen's compensation laws should be construed liberally in favor of the employee. Koktavy v. City of New Prague, 246 Minn. 550, 75 N. W. 2d 774 (1956); Sobczyk v. City of Duluth, 245 Minn. 569, 73 N. W. 2d 795 (1955); Kolbeck v. Myhra, 255 Minn. 341, 96 N. W. 2d 633 (1959). The Lemmer decision was based on its particular facts. It is our opinion that in this case, where intervention may prejudice the employee, the commission properly denied the application to intervene.

We believe, however, that procedures should be instituted by the commission to prevent the recurrence of the circumstances presented in this appeal. The payments made on employee's behalf by relators were specifically referred to in employee's claim petition. Therefore, all of the parties and the commission were

aware that relators might have some interest in the proceeding. Whatever statutory rights relators may have had were nevertheless ignored in the settlement and also ignored by the commission's approval of the settlement. One of the basic principles of workmen's compensation legislation is "measurably to place upon industry the burden of the economic loss resulting from the deaths and injuries of workmen engaged in industry." E. I. Du Pont De Nemours & Co. Inc. v. Frechette, 161 F. 2d 318, 321 (8 Cir. 1947). If private insurers pay medical bills for work-related injuries, the burden is shifted from industry to the subscribers of private health programs.

It is unfair to place third parties such as relators in a position where they forfeit possible rights provided by law because, through no fault of their own, they are unaware of the pending proceeding. The commission is uniquely in a position to review this problem and determine the most reasonable and expeditious procedure to protect the varied interests of employees, employers, compensation insurers, and third parties such as relators and those similarly situated.

2. Relators also filed a joint claim petition alleging the right to reimbursement for the medical benefits paid to employee. The commission dismissed the petition with the comment that relators had no right to file the petition. We have reviewed the applicable statutes and find no statutory authority which gives relators standing to file a petition. Minn. St. 176.271 provides:

"Unless otherwise provided by this chapter or by the commission, all proceedings before the workmen's compensation commission are initiated by the filing of a written petition on a prescribed form with the commission at its principal office."

While § 176.271 does not specifically state who may file a petition, the forms prescribed by the commission pursuant to that statute are all designed for the use of either the employee or his dependents. Section 176.151 sets time limits for an employee or his dependents to file a petition with no reference to any

other potential petitioners. It is inconceivable that the legislature would set time limits for an employee and his dependents while allowing others an unlimited time to file. Beach v. Gendler, 148 Minn. 421, 182 N. W. 607 (1921), involved an action for medical services against an employer by a physician who had treated an employee for injuries arising out of his employment. In deciding against the physician, we said (148 Minn. 423, 182 N. W. 607): "But the remedy against the employer for failure to perform his duty in this respect is apparently given only to the employee, or, in case of death, to his dependents by the [Workmen's Compensation Act]." The commission properly dismissed relators' claim petition.

Affirmed.