Dennis B. JARCHOW, Respondent,

v.

E. R. BERWALD ROOFING CO., et al., Relators.

No. 47599.

Supreme Court of Minnesota.

Aug. 26, 1977.

Fitch & Johnson and Larry J. Peterson, Minneapolis, for relators.

Thomas R. Longfellow and Mahlon F. Hanson, Compensation Attys., St. Paul, for respondent.

PER CURIAM.

Employee, the prevailing party in this compensation proceeding, taxed as a disbursement 1 day's wages lost in order to attend an adverse medical examination requested by his employer. A compensation judge and, on appeal, the Worker's Compensation Court of Appeals allowed this loss as an actual and necessary disbursement under Minn.St. 176.511, subd. 2, and the employer and insurer obtained certiorari to review this determination. We affirm.

Minn.St. 176.511, subd. 2, provides:

"The compensation judge, or on appeals to the worker's compensation court of appeals, the worker's compensation court of appeals may award the prevailing party reimbursement for actual and necessary disbursements. These disbursements shall be taxed upon five days written notice to adverse parties."

Relators contend that "actual and necessary disbursements" as used in this provision includes only actual out-of-pocket expenses directly required for litigation. Since an employer might request a medical examination pursuant to § 176.155 for purposes other than that of contesting a compensation claim, relators assert that wage loss incurred to attend such an examination is not a disbursement allowable under § 176.511, subd. 2. Under the circumstances of this case the argument is not persuasive. Relators were contesting their liability for compensation, and employee was required by § 176.155 to comply with their request for medical examination by a physician of their choosing. Relators could, and did, set the time and place of the examination, some 90 miles from his home, and employee could not pursue his compensation claim unless he complied with their request. In so doing he sustained the wage loss. The employee had no control over this matter. The employer could have arranged for an examination closer to employee's home or set the time so that he would not miss work. It would be an undue hardship not to consider this expense an actual and necessary disburse-

ment. Viewed realistically, it was as much an "actual and necessary disbursement" as the cost of travel necessitated to attend the examination.

Moreover, it is well established that workers' compensation laws should be construed liberally in favor of the injured employee. *Morrison v. Merrick's Super Market, Inc.,* 300 Minn. 535, 220 N.W.2d 344 (1974); *Tatro v. Hartmann's Store,* 295 Minn. 282, 204 N.W.2d 125 (1973). Application of this principle requires us to conclude that the compensation court properly determined that employee's wage loss was an actual and necessary disbursement for which he was entitled to reimbursement under § 176.511, subd. 2.

Affirmed.

SHERAN, C. J., took no part in the consideration or decision of this case.