**COLONIAL INSURANCE COMPANY OF CALIFORNIA, Appellant,**

v.

**MINNESOTA ASSIGNED RISK PLAN and St. Hilaire Co-op Elevator, Respondent.**

No. C5–90–108.

Court of Appeals of Minnesota.

May 29, 1990.

Review Denied July 31, 1990.

John L. Tambornino, David Yarosh, Sahr, Kunert & Tambornino, Minneapolis, for appellant.

M. Chapin Hall, Pustorino, Pederson, Tilton & Parrington, Edina, for respondent.

Considered and decided by GARDEBRING, P.J., and NORTON and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Appellant Colonial Insurance Company brought this action against Minnesota Assigned Risk Plan and the St. Hilaire Co-op Elevator, seeking reimbursement of no-

---

\* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. VI, § 2.

fault benefits paid on behalf of Richard Miller, an employee of St. Hilaire. The trial court concluded that Colonial had no standing to bring an action for reimbursement and dismissed the action. Colonial appeals from the judgment of dismissal. We affirm.

## FACTS

Richard Miller was injured in an automobile accident on July 16, 1987. At the time of the accident, Miller was on his way to Bejou, Minnesota for lunch. Miller also intended to stop at a farm to take a grain sample from a farmer whose grain had been rejected. The trial court found, and the parties do not dispute on appeal, that there is an issue of fact regarding whether Miller was injured in the course and scope of his employment.

Colonial insured the truck Miller was driving at the time of the accident. Following the accident, Colonial paid no-fault benefits in excess of $13,000. Colonial then concluded that Miller was injured in the course and scope of his employment. Colonial turned Miller's claim for continued no-fault benefits over to the employer and requested reimbursement of the benefits it had paid. The employer claimed that Miller's accident arose out of the personal use of his vehicle and did not occur during the course of his employment.

Miller has not filed a workers' compensation claim. Colonial brought the present action against the Minnesota Assigned Risk Plan and the employer, St. Hilare Co-op Elevator. The trial court concluded that Colonial has no standing to bring the action, since a no-fault carrier can only intervene after the injured employee files a claim petition in the Workers' Compensation Division. The trial court dismissed the action, and Colonial has appealed.

## ISSUE

Did the trial court err in determining that Colonial does not have standing to seek reimbursement in district court from the workers' compensation carrier when no claim petition has been filed by the injured employee?

## ANALYSIS

To the extent that the No-Fault Act and the Workers' Compensation Act provide for compensation for personal injuries arising from motor vehicle accidents, the statutes are in *pari materia*. *Record v. Metropolitan Transit Commission*, 284 N.W.2d 542, 546 (Minn.1979). The statutes, therefore, must be construed with reference to each other. It is presumed that the same general legislative policy underlies the statutes and together "they constitute a harmonious and uniform system of law". *Id.*

The object of a court in construing statutes is to ascertain and give effect to the intent of the legislature. Minn.Stat. § 645.16 (1988). Both the Workers' Compensation Act and the No-Fault Act are intended to assure prompt payment of benefits, regardless of fault. *See* Minn.Stat. §§ 176.001, 65B.42(1), (4) (1988).

Under the No-Fault Act, workers' compensation benefits "paid or payable" are primary to the no-fault coverage. Minn.Stat. § 65B.61, subd. 1 (1986). The Minnesota Supreme Court, however, has held that a no-fault carrier has no independent right to be reimbursed by a workers' compensation carrier. *Freeman v. Armour Food Co.*, 380 N.W.2d 816, 820 (Minn. 1986).

Colonial does not contend that it could bring a claim petition in the Workers' Compensation Division. Instead, it claims a right to bring an independent action in district court. The reasoning behind this contention is flawed. To prevail in district court, Colonial must prove Miller's injuries are covered under the Workers' Compensation Act. If the injuries *are* covered under the Workers' Compensation Act, the Act's remedies are exclusive. *Karst v. F.C. Hayer Co.*, 447 N.W.2d 180, 184 (Minn. 1989). Under the Act, only the injured employee can bring a claim. *Tatro v. Hartmann's Store*, 295 Minn. 282, 288, 204 N.W.2d 125, 128 (1973). The claim must be brought in the Workers' Compensation Division, not in district court. Minn.Stat.

§ 176.271 (1988). Colonial has no standing to file a claim in the Workers' Compensation Division. *Freeman,* 380 N.W.2d at 820. Therefore, while Colonial appears to be caught in a Catch–22 paradox, the trial court correctly dismissed Colonial's action.

## DECISION

The trial court did not err in determining Colonial does not have standing to bring an action against the workers' compensation carrier to recoup no-fault benefits paid.

Affirmed.