ALLIED MUTUALS LIABILITY INSURANCE COMPANY, Plaintiff, *v.* INTERSTATE CORK Co., INC., and Others, Defendants.

Supreme Court, New York County, June 7, 1929.

*Graham & Reynolds*, for the plaintiff.

*J. P. Mottur*, for the defendant.

COTILLO, J. The action itself is one brought by an insurance carrier against its assured, several of the assured's employees, the Industrial Commissioner of the State of New York, and the members of the Industrial Board of the State of New York. The action is one in equity, in which the plaintiff seeks to reform a compensation insurance policy issued by the plaintiff to the Interstate Cork Co., Inc., the employer of the individual defendants, who were injured during the course of their employment and whose claims for compensation are now before the Industrial Commission. The complaint contains the following allegations: On or about July 1, 1928, the defendant Interstate Cork Co., Inc., was engaged in the conduct of its business at 151 Thirty-third street, Brooklyn. Sometime after the 1st day of July, 1928, and prior to the 18th day of December, 1928, it discontinued its business at 151 Thirty-third street and removed it to 111–115 Imlay street, Brooklyn. On the 18th day of December, 1928, and prior thereto, the individual defendants, including the moving party, were employed by the defendant Interstate Cork Co., Inc., and on that day were injured during the course of their work. Claims for compensation, which are still undetermined, were filed with the Industrial Board.

It is further alleged that on the 1st day of July, 1928, the plaintiff issued a policy of workmen's compensation insurance in which it undertook to pay the claims for compensation to the employees of the assured by reason of business operations conducted at 151 Thirty-third street, Brooklyn. On the 20th day of December, 1928, the defendant Interstate Cork Co., Inc., notified the plaintiff of the removal of its business to 111–115 Imlay street and requested the plaintiff to issue an indorsement to the policy, making it applicable to the business operations conducted at 111–115 Imlay street in lieu of those conducted at 151 Thirty-third street. At the time of the request the defendant Interstate Cork Co., Inc., had knowledge of the accident to its employees, but concealed the same from the plaintiff and did not notify it of that fact. Pursuant to the request of the Interstate Cork Co., Inc., and without knowledge of the accident, an indorsement to the policy was duly executed by the plaintiff and delivered to the Interstate Cork Co., Inc. This indorsement provides by its terms that it shall be effective from July 1, 1928, whereas the agreement actually made between the parties was that such indorsement should be effective from the 20th day of December, 1928. The failure of

the plaintiff to correctly set forth the agreement with respect to the effective date was the result of an error. The plaintiff duly notified the defendant cork company and mailed it an amended indorsement, which the cork company returned with a statement that it refused to accept the amendment, although, as plaintiff claims, it expresses the true agreement as to the time when the liability under the changed address began to run. The relief sought is a judgment that the policy be reformed so as to express the true agreement, and an injunction against the Industrial Commission restraining it from granting and enjoining the individual defendants from seeking or enforcing any award under the policy.

While it is true that the Legislature intended, when it enacted the Workmen's Compensation Law, to take the claims of injured employees out of the realm of litigation in the courts and conferred full authority upon the State Industrial Board to determine the same, and while the Industrial Board has vast powers as respects the disposition of compensable claims, it did not and could not divest a court of equity of, or interfere with, its jurisdiction in equitable matters. This action is one solely to reform an instrument and not to destroy the remedy of the employees. If equity in its discretion should reform the policy in question it would not deprive the defendant employees of compensation. The employer would still have to respond and pay any award made by the Commission. The Industrial Board itself is without power to reform the policy as it has no equity powers. (*Svolos* v. *Marsch & Co.*, 195 App. Div. 675; *Hamberger* v. *Wolfe-Smith Co.*, 215 id. 739.) It is a creature of the Legislature and is only a quasi-judicial body, with no jurisdiction except such as is given by statute. Mr. Justice WOODWARD, in writing the prevailing opinion in *Svolos* v. *Marsch & Co.* (*supra*), aptly stated the law when he wrote: " The State Industrial Commission is not a court of equity; it has no power to set aside the deliberate contracts of parties, or to close its eyes to the terms and conditions of contracts." If it has no power to set aside a contract, it surely has no power to reform one. The Supreme Court, and not the Industrial Board, having this power and having sole jurisdiction, this motion is denied.