MELVIN W. LEMMER v. BATZLI ELECTRIC COMPANY AND ANOTHER.
UNITED BENEFIT LIFE INSURANCE COMPANY, RELATOR.

125 N. W. (2d) 434.

November 1, 1963—No. 38,914.

---

[7]Tollefson v. Ehlers, 252 Minn. 370, 376, 90 N. W. (2d) 205, 210.

*Cragg & Barnett* and *David A. Bailly,* for relator.

*Sigal, Savelkoul, Cohen & Sween* and *Raul O. Salazar,* for employee respondent.

NELSON, JUSTICE.

Certiorari to review an order of the Industrial Commission denying the petition of the relator, United Benefit Life Insurance Company, to intervene in compensation proceedings and refusing to grant it reimbursement out of the award granted the employee for disability benefits and medical expenses it paid through mistake to or on behalf of the employee.

The record indicates that Melvin W. Lemmer, the employee, had a policy of insurance with relator providing for disability benefits and medical expenses arising out of accident or sickness, payable to him as beneficiary. The policy contained the following exclusion and limitation clause:

"The provisions of this policy relating to benefits, other than life insurance benefits, do not cover (a) accidental bodily injury arising out of or in the course of the employment of the protected person or his dependents, or sickness covered by a * * * Workmen's Compensation Act or similar legislation."

Mr. Lemmer, an electrician, was employed by Batzli Electric Company. On May 28, 1958, while so employed he became totally disabled due to bronchial asthma which was contracted in the course of, and arose out of, his employment. When Mr. Lemmer's disability first occurred neither he nor relator was aware that the sickness arose out of and in the course of his employment. Consequently, on June 11, 1958, and periodically thereafter until February 8, 1960, relator made disability and medical payments under its contract of insurance to said

employee. The disability benefits for lost time, at the rate of $35 per week, totaled $2,985 and the medical expenses totaled $3,306.19.

It appears that shortly before February 8, 1960, while relator was conducting a periodic check on the employee, it learned that Mr. Lemmer's condition might have arisen out of his employment. On that date it discontinued any further payments because of the exclusion clause in its policy.

On June 8, 1960, the employee for the first time filed a claim petition against his employer, claiming that the bronchial asthma condition resulting in his disability had arisen out of and in the course of his employment. After a hearing the referee so found and this was affirmed on appeal to the commission.

Shortly after issuance of the commission's decision relator filed a petition for leave to intervene, seeking to recover the sums it had paid in disability and medical benefits by reimbursement thereof out of the award granted to the employee against the employer and its workmen's compensation insurer, Anchor Casualty Company. On September 10, 1962, the commission issued an order in which it held that relator did not have a right to be reimbursed from the compensation awarded the employee, ordered the employer and its insurer to "reimburse [the employee] the sum of $3,306.19 paid in medical expenses on his behalf," and denied the petition for leave to intervene.[1]

Relator here seeks to have the order of the commission set aside and to obtain an order from this court directed to the commission awarding it reimbursement directly from the award to the employee for the disability and medical expenses which it has paid.

Relator makes the following assignments of error: (1) The commission erred in denying relator's petition for leave to intervene; (2) the commission erred in not granting it reimbursement for the disability and medical benefits it mistakenly paid to the employee or on his behalf. The legal issues thereby raised are: (1) Whether a health and

---

[1]The employee died December 5, 1961, and on September 11, 1962, the commission ordered that the "compensation and reimbursement" awarded him be paid directly to his widow. In the interest of brevity we shall refer to the position taken by her on this appeal as that of the employee.

accident insurance carrier who has mistakenly paid disability and medical benefits on behalf of an employee and seeks reimbursement out of the award granted to him is a person who has an interest in the matter before the commission within the meaning of Minn. St. 176.361 of the Workmen's Compensation Act; and (2) whether such an insurer may be reimbursed out of the award granted an employee for the benefits paid by it voluntarily, but mistakenly, on behalf of the employee.

Section 176.361, the intervention statute, reads as follows:

"Where a person has an interest in any matter before the commission, or commissioner, or referee of such a character that he may either gain or lose by an order or decision, he may intervene in the proceeding by filing an application in writing stating the facts which show such interest.

"The commission shall adopt rules to govern the procedure for intervention."

Whether the interest of relator is such that it will "gain or lose" depends upon the power of the commission to grant the requested relief, namely, direct reimbursement from the employer and its compensation insurer for the amounts of disability and medical benefits relator paid the employee under a mistake of fact. If the commission has that power under the facts here involved, relator is entitled to intervene under § 176.361.

In the recent case of Equitable Life Assur. Soc. v. Bachrach, 265 Minn. 83, 120 N. W. (2d) 327, it was held by this court that an insurer who had paid disability and medical benefits under a policy affording coverage only in the event of nonoccupational injury or sickness pursuant to a claim representing that the disability was nonoccupational when, in fact, it arose out of the insured's employment, was entitled to restitution. We said that the insurer had made the payments under a mistake of fact rather than of law, but that, whatever the nature of the mistake, the insured had been unjustly enriched and the trial court had, therefore, properly granted summary judgment for the insurer.

The employee cites the Equitable case as controlling in his favor and

contends that relator's interpretation of the intervention statute "is full of implications which extend beyond the consideration and merits of the instant case." He contends that under relator's interpretation the Industrial Commission could interpret contracts between an employee and any other person and thus by the device of intervention in workmen's compensation proceedings oust the municipal and district courts of this state from their jurisdiction to determine the merits of contract actions.

The employee also cites Beach v. Gendler, 148 Minn. 421, 424, 182 N. W. 607, 608, and quotes as follows from that decision:

"* * * the Workmen's Compensation Act deals with rights and responsibilities only as between the employee and employer in case of employment accidents to the employee."

He then goes on to argue that the relator is a stranger to the Workmen's Compensation Act and to this proceeding, regardless of the provisions of § 176.361, and that therefore its substantive rights must be taken to a court of law for enforcement and not to the Industrial Commission, an administrative agency.

The employee also claims that should it grant the relief requested by relator, the commission would thereby open its proceedings to the claims of an employee's general creditors and would then be required to resolve innumerable disputes completely foreign to its purpose. However, we cannot agree with this assertion. Section 176.361 permits intervention only by a person who has an interest in a matter before the commission of such a character that he may either gain or lose by an order or decision of the commission. It is obvious, however, that a general creditor does not have such an interest since, because of the personal character of compensation payments, they have been made nonassignable under § 176.175 of the Workmen's Compensation Act.[2] Therefore, no outside agreement or even court order would empower

---

[2]Minn. St. 176.175, subd. 2, provides: "No claim for compensation owned by an injured employee or his dependents is assignable. Except as otherwise provided in this chapter, any claim for compensation owned by an injured employee or his dependents is exempt from seizure or sale for the payment of any debt or liability."

the commission to order payment of benefits payable under the act to a person who is no more than a general creditor of the employee.

It must be clear from an examination of the facts in the instant case that relator has voluntarily but mistakenly paid to the employee or on his behalf what the workmen's compensation insurer would ordinarily have paid under the order of the commission, since it has been found that the disability for which relator paid benefits to the employee arose out of and in the course of his employment. This finding was affirmed on appeal to the commission and now constitutes a final determination.

There has been no recognition by the Workmen's Compensation Act or this court of any right of general creditors of an employee to intervene under § 176.361 or any other provision of our Workmen's Compensation Act. No general creditor could possibly stand in the shoes of relator who voluntarily but mistakenly paid benefits to the employee herein which it was the unqualified duty of the employer's workmen's compensation insurer to pay. For the Industrial Commission to allow relator to intervene is not to say that a general creditor of the employee would also be entitled to intervene in this proceeding before the commission and have his claim paid by or collected from the employer or the compensation insurer. Relator is not under the facts of this case an ordinary creditor.

The provisions of § 176.361 contain nothing out of harmony with § 176.175. Reading the two statutes as supplementary to one another makes it clear that the legislature had no intention of modifying § 176.175 when it enacted the present intervention statute and simultaneously repealed Minn. St. 1949, § 176.50. Originally L. 1921, c. 82, § 49, that section read as follows:

"* * * Any person having such an interest in any matter before the commission, a commissioner, or referee, that he may either gain or lose by any order or decision relating thereto shall, upon written application to the commission, commissioner or referee setting forth the facts which show such interest, be permitted to intervene under such rules and regulations as the commission may prescribe."

The decision in Beach v. Gendler, *supra,* cited by the employee, was handed down April 15, 1921, while L. 1921, c. 82, was approved

March 15, 1921, to take effect from and after June 1, 1921. It is to be noted that in the Beach case this court said (148 Minn. 423, 182 N. W. 607):

"But the remedy against the employer for failure to perform his duty in this respect is apparently given only to the employee, or, in case of death, to his dependents by the act, for, in the compensation settlement thereunder or in the judgment to be entered in his or their favor, this medical attention paid or incurred by him is to be included. Nowhere in the act is there any procedure designated, under which those who may have furnished medical attention to the employee can become parties to the compensation proceedings or the judgment therein, and no method is pointed out to apportion as between different claimants the amount for which the employer is to be liable."

That statement would indicate that there is justification for the commission's looking into the merits of a claim in order to decide whether or not a person is entitled to intervene in a compensation proceeding. In the instant case, if the commission has power to grant relator reimbursement, then clearly relator has an interest which gives to it the right to intervene.

Before discussing that question, however, we shall consider the employee's contention that relator has been guilty of laches in its attempted intervention.

The employee commenced the proceedings before the Industrial Commission by the filing of a claim petition on June 8, 1960. Relator filed its petition for leave to intervene on January 31, 1962. That petition was filed after the matter had been appealed to and decided by the commission. It is now claimed in behalf of the employee that this late filing of the relator bars it on the grounds of laches.

Partial relief had been granted to relator by the commission's decision before intervention was sought, by providing that $3,306.19, which had been paid in medical benefits by relator, be payable jointly to it and the employee. The employee asked the commission for a change in that decision respecting the award to relator after it filed its petition for leave to intervene. This constituted a request for affirma-

tive relief. It has been held that where each party seeks affirmative relief against the other in reference to the same transaction, neither may assert that the other was guilty of laches. Moreover, prejudice must be shown to one party before laches will apply to preclude the other party from a remedy. See, Steenberg v. Kaysen, 229 Minn. 300, 39 N. W. (2d) 18. Such a showing has not been made.

This court has not heretofore been called upon to construe Minn. St. 176.361. The commission interpreted § 176.361 as permitting intervention by one having "a legal interest * * * in the awarding of compensation (monetary or medical payments) proceeds as such—an interest given by the compensation act itself." The commission concluded that this class of persons would include the employee, employer, the various compensation insurers, and potential dependents, citing in support of this construction Toenberg v. Harvey, 235 Minn. 61, 49 N. W. (2d) 578. Actually, the Toenberg case does not support it. In that case this court held that the commission had power to order reimbursement out of a compensation award against one compensation insurer to another which had paid benefits to the employee, voluntarily, but under a mistake of fact. We also held that the latter was not estopped from seeking reimbursement and pointed out that ordinarily, in the absence of prejudice to the employee, a workmen's compensation insurer is not estopped by the voluntary payment of compensation or the furnishing of hospital or medical care to urge the defense that the policy did not cover the employment, citing 58 Am. Jur., Workmen's Compensation, § 567.

In the Toenberg case the compensation insurer had paid the employee compensation and medical expenses before learning of facts which it claimed imposed liability on another compensation insurer. In proceedings then initiated by the employee to obtain compensation, the commission determined that each insurer was liable for half of the compensation awarded. On the appeal to this court we held that only the second insurer was liable. We also stated that if the commission itself had reached that conclusion, there would be no reason why it could not have directed to whom the award should be paid and thus by that method reimburse the insurer who had paid compensa-

tion benefits and medical expenses, voluntarily but mistakenly, for which it was not liable.[3]

Mr. Justice Magney, speaking for the court in the Toenberg case, also said (235 Minn. 71, 49 N. W. [2d] 583):

"The instant proceeding before the industrial commission was an initial one to determine the liability of an employer and its insurer. The employe made his claim against two employing entities and the insurer of each. In that situation, the commission could have found only one of the employing units and its insurer liable for the payments of benefits. There is no doubt that the commission has the power so to determine; and, if it directed compensation payments to be paid in the manner indicated, the fact that the result would also amount to an adjudication between the insurance carriers would seem to be of no moment. The commission has the power to adjust matters between an employe and insurers. Steidel v. Metcalf, 210 Minn. 101, 297 N. W. 324, *supra*. If such a matter can be adjusted in the proceeding, and we do not see why it cannot, there seems no sensible reason why we should direct the controversy between the insurance carriers to be determined in an independent separate action. The injured employe will receive under the suggested disposition all he is entitled to under the law, and Preferred [the compensation insurer held liable] will not be paying out any more than it had contracted to pay under its agreement with the partnership [employer]."

The court then remanded the proceedings to the commission, directing it to order the compensation insurer liable for payment of the award to reimburse the other insurer in full for the compensation and medical expenses mistakenly paid by it.

In Steidel v. Metcalf, 210 Minn. 101, 104, 297 N. W. 324, 326,

[3]We noted that Minn. St. 1949, § 176.255, (now superseded by Minn. St. 176.191) provided that where two or more employers or compensation insurers disputed liability for compensation, the commission could order one or more to make payments pending determination of liability and upon making such determination could order the employer or insurer found liable to reimburse any other party for payments it had made. However, the facts of the case did not bring it within this statute.

where the insurer raised the question of the jurisdiction of the commission to apply equitable principles in ascertaining whether or not the relation of insurer and insured existed, we said:

"* * * It is true that the judicial power of the state is by the constitution vested in the courts of the state, but there has grown up within the state government a system of boards, which, though charged with administration, necessarily apply law to facts found by them subject always to review by the courts. It must be conceded that these boards in arriving at their decision necessarily apply legal principles. For instance, the industrial commission does that in determining whether or not the relationship of employer and employe exists and whether or not the compensation act applies to certain situations. They are constantly endeavoring to follow our decisions in making application of legal principles to the facts before them and must do so in order to make the awards and decisions authorized by law. We can see no distinction between their right to apply such principles and their right to apply the well known principles of equity to the situations with which they have to deal. Frederickson v. Burns Lbr. Co. 175 Minn. 539, 221 N. W. 910, settles that question. They are in fact legislative instrumentalities but exercise powers in the determination of rights which at least have the appearance of being quasi-judicial in character. Allied Mutuals Liability Ins. Co. v. Interstate Cork Co. Inc. 134 Misc. 504, 235 N. Y. S. 541.

"We see no distinction between the power of the commission over the questions arising between the employe and the insurer or between the employer and the insurer for the benefit of the employe and those questions which arise directly between employer and employe. The workmen's compensation act * * * compels the employer to carry compensation insurance; and * * * expressly gives the workman an equitable lien upon any amount which the insurer may owe the employer under such policies and under certain circumstances requires direct payment from the insurer to the workman, who may * * * proceed directly against the insurer. * * * we regard the relator's objection to the power of the commission as not well taken."

We can see no prejudice resulting to the employee in the instant

case by holding that relator is not estopped from intervening under § 176.361 or by holding that the commission has the power to equitably adjust matters between the employee and the insurers involved, including relator. Under the facts relator qualifies as one having an interest "of such a character that he may either gain or lose by an order or decision" and may thus intervene under § 176.361, and the commission has the power to direct reimbursement from the compensation insurer under the rulings of this court in Steidel v. Metcalf, *supra,* and Toenberg v. Harvey, *supra,* and cases cited therein.

The commission in the opinion accompanying its order cites Boyer v. Service Distributors, Inc. 366 Mich. 319, 115 N. W. (2d) 101, in support of its decision. The issue in that case was whether the commission had power to order the compensation carrier to make payment directly to those to whom the employee was indebted for medical services. The Michigan court held that it did not in a decision which turned on the construction of a workmen's compensation statute. The case is clearly distinguishable since the Michigan statute provided in part that "*such employee shall be reimbursed* for the reasonable expense incurred * * * by an award of the commission." (Italics supplied.) Our comparable statute, Minn. St. 176.135, provides simply that "*the employer shall be liable* for the reasonable expense incurred by or on behalf of the employee" in furnishing medical treatments and supplies. (Italics supplied.)

It is thus clear that the Minnesota statute does not expressly direct all compensation benefits to be paid to the employee. Moreover, this construction was confirmed in the Toenberg case, where compensation was paid to a compensation insurer for purposes of restitution through reimbursement. While § 176.135 leaves open to whom the commission may order payment of compensation benefits, the Toenberg case establishes that it may order payment to an insurer who paid benefits under a mistake of fact. It has become somewhat common practice for an employee to insure against injury arising outside his employment, thus complementing the protection provided him under the Workmen's Compensation Act. In the instant case relator assumed that coverage existed under its policy on the representation that the employee's

disability did not arise out of his employment. The determination that it did, and was accordingly compensable under the act, established that it was not within the coverage of relator's policy. That being so, relator's right to restitution is established. Equitable Life Assur. Soc. v. Bachrach, *supra*.

In the interest of all concerned, therefore, and as a matter of practical administration, the relief sought by relator as intervenor before the commission should not be denied. Granting such relief under the particular circumstances here involved will prevent multiple litigation in the form of a separate suit for reimbursement against the employee. Moreover, an insurer entitled to restitution is more certain of obtaining it if the commission orders the compensation carrier to make reimbursement than if the insurer must go into some other tribunal to enforce its right. Another important consideration may well be that the chance of double recovery by an employee will be eliminated. The insurer against accident and sickness not arising out of employment will also have less reason to withhold payment of benefits until a determination by the commission when he knows that he will be entitled to reimbursement from the compensation insurer if he has made payments under a mistake of fact.

We said in Reichert v. Victory Granite Co. 249 Minn. 407, 414, 82 N. W. (2d) 497, 502:

"That the Workmen's Compensation Act, within practical limits, is to be liberally construed has been so often expressed in the decisions of this court that it does not need at this time either restatement or citation to support it. We take it that the provisions of the Workmen's Compensation Act, if they are to be applied liberally as intended, must be considered supplementary to each other; that they must be construed together whenever reasonable and practical and not violative of law or statutory construction in order to give effect to the purpose for which the act was originally enacted and subsequently broadened in scope and improved upon."

It is clear that the benefits paid by relator, voluntarily but mistakenly, were used by the employee, until the decision of the commission, in lieu of workmen's compensation. In Dockendorf v. Lakie, 240 Minn.

441, 61 N. W. (2d) 752, an action brought by an injured employee to recover for negligence against a third person, a compensation insurer intervened to enforce its subrogation rights. We held that the word *compensation* as used in Minn. St. 1949, § 176.06, subd. 2, included not only the periodic disability benefits, but also medical expenses, saying (240 Minn. 448, 61 N. W. [2d] 756):

"* * * Our conclusion is fortified by the realization that, if we were to hold that the term compensation does not embrace medical expenses paid, we would thereby, contrary to § 645.17(1), attribute to the legislature an intent to bring about the absurd and unreasonable result that an employee is to be permitted to recover twice the amount of his medical expenses * * *."

In a later appeal, Dockendorf v. Lakie, 251 Minn. 143, 154, 86 N. W. (2d) 728, 735, it was held in effect that the trial court was justified in finding in the intervenor's favor to avoid double recovery of medical expenses and this court approved the following statement from the trial court's memorandum: "It is also clear that plaintiff was awarded damages by reason of medical and hospital expenses by the jury, which he in equity and good conscience should pay over to the intervenor."

Similarly, permitting relator in this case to obtain reimbursement through intervention in the compensation proceedings will achieve prompt enforcement of its right to restitution and avoid double recovery by the employee.

Clearly, any reasonable interpretation of the pertinent sections of the Workmen's Compensation Act, considered as supplementary to each other, requires the conclusion that the legislature empowered the commission to permit intervention by an insurer under § 176.361 to obtain reimbursement of payments to which an employee was not entitled and which he used in lieu of compensation. Under the facts of this case, in the light of the purpose of the Workmen's Compensation Act and the liberal interpretation accorded its provisions, we must conclude that the commission has the necessary power to order reimbursement for the disability and medical benefits mistakenly, though volun-

tarily, paid by relator to the employee and that relator was entitled to intervene in the compensation proceedings to obtain such relief.

The order of the Industrial Commission denying relator's petition to intervene is reversed and the proceedings remanded with directions to order the employer and its compensation insurer to reimburse relator, out of the compensation awarded the employee, in the amounts of $2,985 for the disability benefits and $3,306.19 for the medical expenses it paid through mistake.

Reversed and remanded.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On December 13, 1963, the following opinion was filed:

PER CURIAM.

Two of the respondents, the employer and its compensation insurer, appeal from the clerk's taxation of costs against them and the respondent employee.

When relator petitioned this court for certiorari, said employer and insurer notified the attorneys for both the employee and relator that they were taking a neutral position and therefore would not join in the review. As they point out, the only legal issues involved on this review were relator's right to intervene and its right to reimbursement out of the awards already adjudicated and granted to the employee. Neither the legal position of the respondent employer and insurer nor the extent of their liability to pay the award ordered by the commission could have been altered by any decision on this review. We must conclude that neither relator nor the employee could be a "prevailing party" as against them.

It is also obvious that since the employer and insurer remained neutral, they are in no way parties to the review.

Minn. St. 176.511, subd. 4, provides the rule regarding costs and disbursements on certiorari in workmen's compensation proceedings as follows:

"On review by the supreme court upon certiorari, costs and disbursements shall be taxed as they are upon appeals in civil actions."

Section 607.01, which applies to civil actions, provides:

"Costs in the supreme court may be allowed, in the discretion of the court, as follows:

"(1) To the prevailing party, upon a judgment in his favor on the merits, not exceeding $25;

\* \* \* \* \*

"In all cases the prevailing party shall be allowed his disbursements necessarily paid or incurred."

Under these statutes relator was properly awarded costs and disbursements against the respondent employee. See, Collins v. Collins, 221 Minn. 343, 22 N. W. (2d) 168, 23 N. W. (2d) 9.

The order of the clerk is affirmed in so far as it taxes costs and disbursements against the respondent employee and is reversed in so far as it taxes them against the respondent employer and insurer.

Affirmed in part and reversed in part.

### ON PETITION TO AMEND REMAND.

On December 20, 1963, the following opinion was filed:

PER CURIAM.

Petition has been made by the attorneys of the respondent employee to amend this court's remand to the Industrial Commission, in which we directed the commission—

"\* \* \* to order the employer and its insurer to reimburse relator, out of the compensation awarded the employee, in the amounts of $2,985 for the disability benefits and $3,306.19 for medical expenses it paid through mistake."

The order of the Industrial Commission which came to this court for review pursuant to our granting a writ of certiorari granted attorneys' fees to petitioners as attorneys for employee out of the compensation award. This was done, however, without ordering reimbursement to relator from such compensation for the disability and medical benefits it had paid to or for the employee under a mistake of fact.

In view of this court's reversal and order of remand to the commission for such reimbursement to relator, the question of allowing a lien

for attorneys' fees against the compensation award now appears in changed circumstances, which present a situation not previously passed upon by the commission.

Minn. St. 176.081 provides for the commission to pass upon claims for legal services or disbursements pertaining to proceedings under the Workmen's Compensation Act as follows:

"No claim for legal services or disbursements pertaining to any demand made or suit or proceeding brought under the provisions of this chapter is an enforceable lien against the compensation or * * * valid or binding in any other respect unless approved in writing by the commission, if the claim arises out of a proceeding for compensation under this chapter * * *. If the employer or his insurer * * * is given written notice of such claims for legal services or disbursements, the same shall be a lien against the amount paid or payable as compensation, subject to determination of the amount and approval provided by this chapter."

It is clear that the foregoing statute gives the Industrial Commission original powers with respect to approving claims for legal services or disbursements and granting liens therefor. In the instant case the commission has not yet had the opportunity to determine the matter of attorneys' fees in light of this court's order. Under the circumstances it is far outside the scope of our review on the record herein to decide the question in either party's favor. It must be resolved by the commission in the first instance and such was the intention of this court when the remand was made.

In order to clarify the situation, we add to the remand contained in the last paragraph of our opinion the following explanatory words, "subject to deductions, if any, which the commission may first make from the compensation award as and for attorneys' fees in behalf of the employee pursuant to the provisions of § 176.081."

Rehearing denied.