OSCAR REPO v. CAPITOL ELEVATOR COMPANY,
DIVISION OF INTERNATIONAL MULTIFOODS
CORPORATION, AND ANOTHER.
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, INTERVENOR.
OSCAR REPO v. THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA.

252 N. W. 2d 248.

March 18, 1977—Nos. 46386, 46511.

*Paul J. Louisell,* for relator-appellant.

*Van Evera, Mundt, Koskinen, Clure & Andrew* and *Thomas F. Andrew,* for intervenor-respondent.

Heard before Rogosheske, Peterson, and MacLaughlin, JJ., and considered and decided by the court en banc.

MACLAUGHLIN, JUSTICE.

Oscar Repo, plaintiff-employee, appeals from a district court judgment in favor of Prudential Insurance Company (Prudential) in an action to recover disability benefits allegedly due to Repo under a group sickness and accident policy. Repo also seeks review by certiorari of an order of the Workers' Compensation Board (now Worker's Compensation Court of Appeals) awarding Prudential, as intervenor, a portion of Repo's workers' compensation settlement with his employer, Capitol Elevator Company (Capitol). The matters were consolidated for hearing before this court. For reasons stated herein, we affirm both the district court and the Workers' Compensation Board.

On Sunday, September 9, 1973, Repo suffered a heart attack while at his home. He was hospitalized for more than 3 weeks and disabled a considerably longer period of time as a result of the attack. Since Repo worked for Capitol in a grain elevator and had a prior history of emphysema, the heart attack was arguably work related.

As an employee of Capitol, Repo was covered under a group sickness and accident policy issued by Prudential. This policy provided for payment of medical expenses and benefits for disability incurred as a result of sickness or accident not covered by the Workers' Compensation Act. Workers' compensation coverage was provided by Liberty Mutual Insurance Company (Liberty Mutual).

In December 1973, Repo filed a claim with the Workers' Compensation Division, alleging that the heart attack was work related. Capitol and Liberty Mutual denied liability and hearings were held. On July 31, 1974, before the hearings were complete, Repo entered into a settlement agreement with Capitol and Liberty Mutual. The agreement provided for a lump sum payment of $12,000 in settlement of all claims Repo had under the Workers' Compensation Act. Although Repo had requested medi-

cal and disability benefits in his petition, the settlement agreement purported to pay $12,000 in disability only.

While the workers' compensation claim was pending, Repo also sought benefits under the sickness and accident policy with Prudential. On August 3, 4 days after the settlement with Capitol and Liberty Mutual, Repo signed an agreement with Prudential whereby Prudential agreed to pay Repo's medical expenses (totaling $2,626.84) but with a provision that Prudential would be reimbursed—

"* * * if at any later date medical and hospital expenses are paid under any Workmen's Compensation Law or Act for this disability, or any settlement of claim for such medical and hospital expenses is made or any payment is made to avoid a claim for such medical and hospital expenses or a settlement of such claim * * *."

Prudential was not informed of the settlement with Capitol and Liberty Mutual when it signed this agreement.[1]

Repo's settlement with Capitol and Liberty Mutual was submitted to the Workers' Compensation Division on August 19, 1974, but failed to set forth the expenses for medical treatment and care. Since Repo's claim petition had alleged certain medical expenses, the division made inquiry of Repo's attorney and learned that Prudential had made certain payments. The division then notified Prudential of the proposed settlement and it petitioned for intervention, claiming that it was entitled to reimbursement. The commission allowed Prudential to intervene, upheld the settlement with Capitol and Liberty Mutual, and placed $2,626.84 of the settlement in escrow pending a determination of Prudential's claim. The compensation judge held a hearing on January 6, 1975, on the merits of Prudential's claim

---

[1] The agreement signed by Repo and his attorney also contained the following statement: "I filed a claim with Workman's Compensation; however, no decision has been made by them as yet." This in spite of the fact that 4 days earlier Repo had settled his workers' compensation claim with Capitol and Liberty Mutual.

and entered a decision favorable to Repo. The board reversed this decision on October 10, 1975, and ordered the sum held in escrow to be paid to Prudential.

While Prudential's intervention claim was pending before the board, Repo brought an action against Prudential in the district court to recover disability benefits totaling $1,950. The district court dismissed the action on September 19, 1975.

Prudential argues that when an insurer pays benefits under a policy which excludes injury or sickness covered by the Workers' Compensation Act, and the employee, without the insurer's consent, makes a settlement with the workers' compensation carrier arising out of the same sickness for which benefits were paid, the insurer should be reimbursed. It is clear that if Repo had litigated his claim and the commission ultimately found in his favor, Prudential would be entitled to reimbursement from the proceeds of the award. Lemmer v. Batzli Electric Co. 267 Minn. 8, 125 N. W. 2d 434 (1963); Equitable Life Assurance Society v. Bachrach, 265 Minn. 83, 120 N. W. 2d 327 (1963). Repo asserts that these cases do not apply where the employee settles his claim, citing Tatro v. Hartmann's Store, 295 Minn. 282, 204 N. W. 2d 125 (1973). In Tatro, the employee had settled his workers' compensation claim for the amount by which his medical expenses exceeded the payments received from his private health insurer. The private health insurer had not been notified of the workers' compensation proceeding and sought to intervene after the settlement had been approved. We held that under the circumstances there present it would be inequitable to the employee to allow reimbursement since the settlement was obviously based on an assumption that the private health insurer would not seek reimbursement. Of particular significance is the following language:

"We believe, however, that procedures should be instituted by the commission to prevent the recurrence of the circumstances presented in this appeal. The payments made on employee's behalf by relators were specifically referred to in em-

ployee's claim petition. Therefore, all of the parties and the commission were aware that relators might have some interest in the proceeding. Whatever statutory rights relators may have had were nevertheless ignored in the settlement and also ignored by the commission's approval of the settlement. One of the basic principles of workmen's compensation legislation is 'measurably to place upon industry the burden of the economic loss resulting from the deaths and injuries of workmen engaged in industry.' * * * If private insurers pay medical bills for work-related injuries, the burden is shifted from industry to the subscribers of private health programs." 295 Minn. 286, 204 N. W. 2d 128.

The obvious import of this language is that normally a sickness and accident insurer who pays benefits under a policy which excludes injuries covered by workers' compensation is entitled to reimbursement from the proceeds of a settlement. This is consistent with our earlier decision in Lemmer v. Batzli Electric Co. *supra*. If we were to embrace the distinction Repo suggests, an employee in his position would always strive to settle his workers' compensation claim, thus depriving the sickness and accident insurer of reimbursement and rendering our decision in Lemmer a nullity. Because Prudential can't bring a workers' compensation claim in its own name, the only way to protect its rights is to allow intervention and reimbursement from the proceeds of the settlement.

Following our dicta in Tatro, the Workers' Compensation Division established procedures which resulted in the notification to Prudential in this case of the proposed settlement, and to Prudential's intervention. Unlike the situation in Tatro, there can be no claim by Repo that he was unaware of Prudential's position in this matter. If anything, the opposite is true. Whether intentional or not it appears the settlement of the workers' compensation claim was concealed from Prudential at the time of the payments to Repo from Prudential. It was only because the commission would not approve the settlement unless all interested parties were notified, as required by Tatro, that Prudential

learned of the same. We therefore find none of the potential inequity in granting reimbursement that was present in Tatro.

We believe that in any case of doubtful liability the sickness and accident insurer should immediately pay benefits on the assumption that the sickness or injury is covered by its policy, and later seek reimbursement if there is a successful workers' compensation proceeding. Our holding in this and earlier cases fully protects its right to do so. As a practical matter this will generally mean that the sickness and accident insurer will have to be included in any settlement negotiations. This seems fair since its rights are at stake just as are the employee's. The employee can, of course, choose to settle without the sickness and accident insurer's consent, but the insurer will then be entitled to full reimbursement from the proceeds of the settlement.

When Repo received payment for the medical expenses from Prudential, he signed a contract agreeing to reimburse Prudential if any settlement of a claim for medical and hospital expenses under the Workers' Compensation Act was made. Repo argues that since the workers' compensation settlement was for disability only, it was not within the scope of the agreement with Prudential. We do not follow the logic of this argument at all. In his claim petition Repo asked for medical and hospital expenses. By the settlement, he released his claim for such expenses. That is clearly a settlement of the claim for hospital and medical expenses, regardless of the label attached to it. It is equally clear that the agreement with Prudential was not void for lack of consideration. Since a bona fide dispute existed regarding coverage, Prudential's agreement to pay benefits constituted consideration. Therefore, while Prudential is entitled to reimbursement even without an agreement under our Tatro decision, it is also entitled to reimbursement by virtue of its agreement with Repo.

What has been said about reimbursement of the medical expenses also dictates that Repo's claim for disability benefits

under the policy with Prudential was properly denied by the district court. Both decisions must therefore be affirmed.

Affirmed.