**AETNA LIFE INSURANCE CO., Petitioner,**

v.

**Raymond HARRIS, Respondent,**

**Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Respondent.**

**SUN SHIPBUILDING & DRY DOCK CO., Petitioner,**

v.

**Raymond HARRIS, Respondent,**

**Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Respondent.**

**Nos. 77–2351, 77–2352.**

United States Court of Appeals, Third Circuit.

Argued May 24, 1978.

Decided June 14, 1978.

---

Morton F. Daller, Brian D. O'Neill, Rawle & Henderson, Philadelphia, Pa., for petitioner, Aetna Life Ins. Co.

James T. Giles, Sally Akan, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for petitioner, Sun Shipbuilding and Dry Dock Co.

Joshua T. Gillelan, II, Atty., Carin Ann Claus, Sol. of Labor, Laurie M. Streeter, Associate Sol., Linda L. Carroll, Atty., U. S. Dept. of Labor, Washington, D. C., for respondent, Director, Office of Workers' Compensation Programs.

Joseph Lurie, Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for respondent, Raymond Harris.

Before ALDISERT, GIBBONS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Circuit Judge.

We hold today that an insurance carrier providing coverage for non-occupational injuries and illnesses may intervene in proceedings under the Longshoremen's and Harbor Workers' Act (the Act), 33 U.S.C. § 901 *et seq.*, and recover amounts paid out for injuries or illnesses that are found to be work-related.

Raymond Harris filed two claims against his employer, the Sun Shipbuilding & Dry Dock Company (Sun), alleging that he suffered hernias as a result of his employment. Sun is a self-insurer with respect to work-related illnesses and injuries. Aetna Life Insurance Company (Aetna) insures Sun against non-work-related illnesses and injuries. Aetna had paid Harris a total of $4,844.17 under this latter coverage for the injuries which Harris now claims are work-related.

A hearing was held before Administrative Law Judge Joyce Capps. Aetna moved to intervene in order to recover the benefits it had previously paid out. The Administrative Law Judge granted the motion to intervene, found that Harris was entitled to compensation from Sun and that Aetna was entitled to reimbursement out of the compensation award payable by Sun.

Pursuant to a petition for review by Harris and the Director of the Office of Workers' Compensation Programs (the Director), the Benefits Review Board (the Board), in a two-to-one decision, vacated the Administrative Law Judge's decision and Order and held that the Administrative Law Judge erred in allowing Aetna to intervene and in allowing reimbursement to Aetna out of the

compensation award. Aetna and Sun filed petitions for review in this Court pursuant to 33 U.S.C. § 921(c).[1] These petitions have been consolidated and are considered together here. The issues presented here are purely questions of law over which we exercise our power of plenary *de novo* review. The views of the Board with respect to these issues are not entitled to special deference. *Director, O.W.C.P. v. O'Keefe*, 545 F.2d 337, 343 (3rd Cir. 1976).

If Aetna has a right to obtain the reimbursement it seeks in proceedings under the Act, it certainly has a right to intervene in such proceedings. We, therefore, will first discuss Aetna's right to reimbursement. This issue has not, to our knowledge, been addressed by any federal court.[2] 33 U.S.C. § 919 provides the following with respect to what issues may be heard in proceedings under the Act:

§ 919. Procedure in respect of claims
(a) Subject to the provisions of section 913 of this title a claim for compensation may be filed with the deputy commissioner in accordance with regulations prescribed by the Secretary at any time after the first seven days of disability following any injury, or at any time after death, and the deputy commissioner shall have *full power and authority to hear and determine all questions in respect of such claim.*

\*　\*　\*　\*　\*　\*

(d) Notwithstanding any other provisions of this chapter, any hearing held under this chapter shall be conducted in accordance with the provisions of section 554 of Title 5. Any such hearing shall be conducted by a hearing examiner qualified under section 3105 of that Title. All powers, duties, and responsibilities vested

by this chapter, on October 27, 1972, in the deputy commissioners with respect to such hearings shall be vested in such hearing examiners. (emphasis supplied).

■ The issue here is thus whether the question of Aetna's entitlement to reimbursement is a question in respect to a compensation claim. We conclude that it is.

Aetna's claim for reimbursement is derived from the same nucleus of operative facts as Harris' claim for compensation. A finding that a claimant's injuries are work-related is, in operative effect, a finding that payments should not have been made under a policy covering non-occupational injuries. Deciding reimbursement claims at the same time as compensation claims avoids essentially duplicative litigation thus reducing the expenditure of time and money by the parties and the courts. Facilitating reimbursement of improperly paid benefits also encourages insurance companies such as Aetna to make swift payment of legitimate claims. Thus on the basis of these policy considerations and the close factual relationship between reimbursement and compensation claims, we hold that claims for reimbursement are questions in respect of compensation claims and may therefore be decided in the same proceedings in which the compensation claims are decided.

In arguing for the contrary result, Harris and the Director rely most heavily on 33 U.S.C. § 916 which provides:

§ 916. Assignment and exemption from claims of creditors
No assignment, release, or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid, and such compensation and benefits shall be

---

1. Harris and the Director claim that the order being reviewed here is not "final" and, therefore, this court has no jurisdiction since 33 U.S.C. § 921(c) permits review only of final orders of the Board. Although the Board order here did remand to the Administrative Law Judge for action consistent with its opinion, all issues were, for all practical purposes, resolved by the Board's order. *See Sea-Land Service, Inc. v. Director, O.W.C.P.*, 540 F.2d 629, 631 n.1 (3rd Cir. 1976). In particular, the Board finally

decided the intervention and reimbursement issues. The Administrative Law Judge's Decision and Order on remand was handed down on October 14, 1977.

2. *Compare Lemmer v. Batzli Electric Co.*, 267 Minn. 8, 125 N.W.2d 434 (1963) (allowing similar claim for reimbursement in proceeding under state compensation act) *with In re Gould's Case*, 355 Mass. 66, 242 N.E.2d 748 (1968) (disallowing such a claim).

exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived.

"Creditor" is not defined in the Act. We conclude, however, that Aetna is not a creditor within the meaning of § 916. Congress' obvious intent in enacting § 916 was to insure that payments under the Act which are meant to cover medical and living expenses are not gobbled up by hungry creditors thereby leaving claimants and their families without the means to cover day to day expenses. Allowing reimbursement here does not defeat that intent. Harris will receive the full amount to which he is entitled. He will be deprived only of payments which were improperly paid in the first instance. Aetna is not in the position of an ordinary creditor whose claim pre-dates and is independent of a claimant's right to compensation under the Act. Aetna's right to reimbursement arises precisely because Harris is found to be entitled to compensation under the Act and therefore not entitled to compensation under Sun's policy with Aetna. Since we hold that Aetna is not a creditor, nothing in the Act prevents Aetna from making its claim for compensation in proceedings pursuant to the Act.

The Act does not explicitly provide procedures for intervention. 33 U.S.C. § 919 provides that interested parties should be notified of the filing of a claim (§ 919(b)) and of a hearing on such claim (§ 919(c)). § 919(c) also provides that hearings may be ordered on the application of interested parties. "Interested party" is not defined in the Act.[3] Because we have found, however, that a claim for reimbursement may be made at a hearing provided for by § 919, there can be no doubt that Aetna has a substantial interest in making such a claim

and in obtaining a decision upon it. We, therefore, hold that the Board erred in deciding that Aetna could not intervene.

The Order of the Board will be vacated and this case will be remanded to the Board for the entry of an order consistent with this opinion.

---

3. The regulations under the Act provide little assistance. § 702.333 provides:

§ 702.333 Formal hearings; parties.

(a) The necessary parties for a formal hearing are the claimant and the employer or insurance carrier, and the administrative law judge assigned the case.

(b) The Solicitor of Labor or his designee may appear and participate in any formal hearing held pursuant to these regulations on behalf of the Director as an interested party.

Of course, this regulation does not state who, besides the Director, is an interested party.