Dennis A. VETSCH, Respondent,

v.

SCHWAN'S SALES ENTERPRISES, et al., Respondents,

and

Prudential Insurance Company of America, intervenor, Relator.

No. 48824.

Supreme Court of Minnesota.

July 6, 1979.

---

Van Evera, Mundt, Koskinen, Clure & Andrew and Thomas F. Andrew, Duluth, for relator.

Daniel B. O'Leary, St. Paul, for Vetsch.

Hansen, Dordell & Bradt and J. Mark Catron, St. Paul, for Schwan's Sales Enterprises.

Heard before KELLY, YETKA and SCOTT, JJ., and considered and decided by the court en banc.

KELLY, Justice.

This case is an appeal from an order of the Workers Compensation Court of Appeals. The court denied the intervenor's claim for reimbursement of money paid on employee's behalf pursuant to the terms of a group health insurance policy issued to the employee, ruling that the intervenor had presented no evidence to establish the validity of its claim. In light of our earlier decisions in this area and especially our most recent decision in *Brooks v. A. M. F., Inc.*, 278 N.W.2d 310 (Minn.1979) we reverse.

The facts giving rise to this appeal are not complex. On June 30, 1976, Dennis A. Vetsch (employee) brought a workers' compensation claim alleging that on February 10, 1976, he had sustained an injury to his back arising in the course of his employment with Schwan's Sales Enterprises.

As a benefit of his employment with Schwan's Sales, employee was covered by a group health and disability policy issued by intervenor Prudential Insurance Company of America (Prudential). Pursuant to this policy, Prudential paid out $2,453.05 in charges accrued by employee resulting from his back injury. In addition, Prudential paid employee a total of $2,254.67 in disability payments at the rate of $204.97 per week for 11 weeks.

The policy under which these payments were made contained the following exclusions from medical coverage for:

"charges incurred in connection with

(a) injury arising out of, or in the course of, any employment for wage or profit or

(b) disease covered, with respect to such employment, by any workmen's compensation law, occupational disease law or similar legislation."

With respect to the disability coverage, exclusions included:

"(1) Any disability caused or contributed to by injury arising out of, or in the course of, any employment for wage or profit or disease covered, with respect to such employment, by any workmen's compensation law * *."

On April 22, 1977, a Stipulation for Settlement was agreed upon among the employee, his employer and its workers' compensation insurer. The stipulation provided for a payment to the employee of $4,725 as a "full, final and complete settlement to date of settlement and to the extent of the dispute herein of any and all claims against the employer and insurer." Prudential was not notified of the settlement negotiations or even that employee had filed a workers' compensation claim. The stipulation did provide, however:

"It is understood and agreed with respect to the payments made by Prudential Insurance Company of America that the Division shall formally put said insurer on notice of its right to intervene and shall set a definite time within which it may exercise its right of intervention. It is further understood and agreed that, whether or not such intervention is made, upon approval by the Division, the terms

of this Stipulation shall constitute the final settlement of the rights of the parties herein and there shall remain, in the event of intervention, only a dispute between Prudential Insurance Company of America and the employer and insurer herein with respect to the payments made by Prudential Insurance Company of America."

Prudential was subsequently notified of the employee's pending claim and its right to intervene. Prudential's Application to Intervene was allowed and its claim was heard on November 29, 1977. Prudential, presenting no evidence whatsoever, based its claim for reimbursement on *Repo v. Capitol Elevator*, Minn., 252 N.W.2d 248 (1977), contending that it was automatically entitled to full reimbursement by reason of the settlement between the employee and the compensation insurer, from which it was excluded.

The compensation judge agreed, ruling that Prudential was entitled to full reimbursement for the medical payments and partial reimbursement of the disability payments, calculated on the basis of the maximum $135 per week allowed by workers' compensation rather than the amount actually paid.

On March 13, 1978, the Workers Compensation Court of Appeals reversed Judge Parker's decision and totally denied Prudential's claim, finding:

"That Prudential Insurance Company of America failed to present any evidence to prove that the employee's injury arose out of the course and scope of his employment or that medical and disability payments made by Prudential relate to an occupational disability."

It is from this order that intervenor appeals.

In *Brooks v. A. M. F., Inc.*, 278 N.W. 310 (1979) we held that a health insurer who is excluded from participating in negotiations resulting in a full, final and complete settlement of an employee's workers' compensation claim and who is not a party to the "stipulation for an award" is entitled to full reimbursement of the expenses it paid or incurred on behalf of the employee under an insurance policy that excludes claims covered by workers' compensation.

Here, Prudential was not notified of the negotiations taking place between the employee and the workers' compensation insurer nor was it a party to any of the award proceedings. Once it was excluded from these proceedings, it became automatically entitled, under Brooks, to full reimbursement of the costs incurred on behalf of the employee. Thus, any inquiry concerning whether employee's injury was work-related or not would be entirely unnecessary and intervenor's failure to produce evidence on that issue should not prevent it from being granted full reimbursement.[1]

Our rationale for this holding is based upon a long line of decisions culminating in *Repo v. Capitol Elevator Co.*, Minn., 252 N.W.2d 248 (1977), and is thoroughly discussed in our *Brooks* opinion, *supra*.

Apart from the practical considerations which influenced our decision in these cases, our conclusion is well supported by legal reasoning.

We have clearly held that once compensability is established, the health insurer is entitled to reimbursement. *Equitable Life Assurance Society v. Bachrach*, 265 Minn. 83, 120 N.W.2d 327 (1963); *Lemmer v. Batzli Electric Co.*, 267 Minn. 8, 125 N.W.2d 434 (1963). The difficulty arises here because there has been in fact no determination as to the compensability of the claim. The settlement process utilized in these cases allows the employee to take advantage of the Workers' Compensation Act by settling with his employer's insurer but at the same time to stipulate that the injury was non-occupational and so additionally to collect

---

1. Intervenor would be required, of course, to document that the payments made were on behalf of the employee and were related to the specific injury in question.

from his health insurer. Although the Workers' Compensation Laws are to be liberally construed in favor of the employee, it does not seem reasonable to allow the employee to play "both ends against the middle." By settling with the compensation insurer, the employee has opted to take advantage of the workers' compensation structure set up for precisely that purpose. Therefore, it does not strain logic to consider that this election by the employee constitutes an admission or irrebuttable presumption, with respect to the health insurer only, that the injury was occupational in nature. Once this premise is accepted, then the situation is really no different than one, such as in *Lemmer, supra,* in which compensability had been established and we ruled that the medical insurer was entitled to full reimbursement. Because in this case Prudential was entirely excluded from all phases of negotiations, under Brooks it is entitled to full reimbursement for the expenses it incurred for employee's medical treatment.

Reversed and remanded.